IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.                                                                  CIVIL NO.   4:19-cv-00118

CALDWELL RESIDENTIAL, L.L.C.,
CALDWELL BUILDING COMPANY, LLC and
MEPT BOARDWALK TOWN CENTER, L.L.C.,

    Defendants.

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), files this First Amended Complaint for Declaratory Relief against Defendants, CALDWELL RESIDENTIAL, L.L.C., CALDWELL BUILDING COMPANY, LLC and MEPT BOARDWALK TOWN CENTER, LLC (collectively "Defendants"), as follows:

### I.
### PARTIES

1.    Plaintiff Mt. Hawley Insurance Company is an Illinois domiciled insurance company organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. §1332.

2.    Defendant Caldwell Residential, L.L.C. ("Caldwell Residential") is a Texas limited liability company having its principal place of business in Texas. All members of Caldwell Residential are citizens of the state of Texas and/or a state other than Illinois. Caldwell Residential is, therefore, a citizen of a state other than Illinois, as defined by 28 U.S.C. § 1332. Caldwell Residential

may be served through its registered agent for service of process, Fred F. Caldwell, 9955 Barker Cypress, Suite 250, Cypress, Texas 77433.

3.     Caldwell Building Company, LLC ("Caldwell Building") is a is a Texas limited liability company having its principal place of business in Texas. All members of Caldwell Building are citizens of the state of Texas and/or a state other than Illinois. Caldwell Building is, therefore, a citizen of a state other than Illinois, as defined by 28 U.S.C. § 1332. Caldwell Building may be served through its registered agent for service of process, Fred F. Caldwell, 9955 Barker Cypress, Suite 250, Cypress, Texas 77433.

4.     Caldwell Residential and Caldwell Building are sometimes referred to collectively herein as "Caldwell."

5.     Defendant MEPT Boardwalk Town Center, L.L.C. ("MEPT") is a Delaware limited liability company having its principal place of business in the state of Maryland. All members of MEPT are citizens of the state of Maryland or a state other than Illinois. MEPT is, therefore, a citizen of a state other than Illinois as defined by 28 U.S.C. §1332. MEPT may be served through its registered agent, for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE ALLEGATIONS

6.     This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the underlying lawsuit that is the subject of this coverage action is pending within this judicial district.

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest,

attorney's fees, and costs as set forth below.

9. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning whether Mt. Hawley has a duty to defend and indemnify Caldwell Residential or Caldwell Building against the allegations made by MEPT in an underlying lawsuit pending in state court in Texas. By the terms and provisions of Title 28 U.S.C. § 2201, this Court has the power to declare the obligations and duties of the parties and to give such other relief as may be necessary.

### III.
### GENERAL ALLEGATIONS

A. **The Underlying Lawsuit**

10. On November 27, 2018, MEPT filed an Original Petition in Texas state court against Caldwell Residential and Humphreys & Partners Architects, L.L.P. seeking damages arising from what are alleged to be defects in the construction and design of an apartment building generally described as Building 5 of the Boardwalk at Town Center Apartments located in the Woodlands, Texas (the "Project"). The state court lawsuit is pending in the 129th Judicial District Court of Harris County, Texas as Cause No. 2018-84501, and is referred to hereafter as the "Underlying Lawsuit." A copy of the Original Petition in the Underlying Lawsuit is attached hereto as Exhibit 1.

11. After Mt. Hawley filed the Original Complaint in this matter, MEPT filed Plaintiff's First Amended Petition in the Underlying Lawsuit. A Copy of Plaintiff's First Amended Original Petition in the Underlying Lawsuit is attached hereto as Exhibit 2. In the Amended Petition, MEPT added additional defendants, including Caldwell Building. More recently, MEPT filed a Notice of Nonsuit as to Caldwell Residential in the Underlying Lawsuit. Caldwell Building remains a party in the Underlying Lawsuit.

12. The plaintiff in the Underlying Lawsuit, MEPT, alleges that it purchased the Boardwalk at Town Center Apartments, including Building 5, in 2010, acquiring all rights, interest and title in the Project including all warranties. According to the allegations in the Original and Amended Petitions, in March of 2018, MEPT became aware of water intrusion and "related site conditions" at the Project allegedly resulting from defects in the construction performed by Caldwell as the general contractor on the Project. MEPT claims that Caldwell's acts, errors, and omissions relating to the construction of Building 5 have resulted in, and continue to cause, serious damage and losses to the Project and to MEPT.

13. MEPT asserts causes of action against Caldwell for breach of contract, breach of express and implied warranty and negligence for allegedly failing to exercise ordinary care during construction of Building 5. MEPT seeks more than $1 million ($1,000,000) in damages along with attorney's fees pursuant to contract and Texas law.

**B.    The Mt. Hawley Policies**

14. Mt. Hawley issued Commercial General Liability Policies to Caldwell spanning potentially relevant policy periods from 09/12/2007 through 09/12/2012 (the "Mt. Hawley Policies"). The policy numbers and related policy periods of the Mt. Hawley Policies are as follows:

| | |
|---|---|
| MGL0145958 | 09/12/2007 to 09/12/2008 |
| MGL0152724 | 09/12/2008 to 09/12/2009 |
| MGL0152979 | 09/12/2009 to 09/12/2010 |
| MGL0169793 | 09/12/2010 to 09/12/2011 |
| MGL0173765 | 09/12/2011 to 09/12/2012 |

The Mt. Hawley Policies are attached hereto as Exhibits 3-7

15. Mt. Hawley also issued Commercial Excess Liability Policies to Caldwell for the policy periods from 09/12/2007 through 12/10/2009 (the "Mt. Hawley Excess Policies"). The

policy numbers and related policy periods for the Mt. Hawley Excess Policies are as follows:

| | |
|---|---|
| MXL0365618 | 09/12/2007 to 09/12/2008 |
| MXL0368488 | 09/12/2008 to 09/12/2009 |
| MXL0356118 | 09/12/2009 to 12/10/2009 (as per Change Endorsement) |

The Mt. Hawley Excess Policies are attached hereto as Exhibits 8-10.

16. The terms of each of the Mt. Hawley Policies are the same or substantially similar. The insuring agreement of the Mt. Hawley Policies provides in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; ….

17. The Underlying Lawsuit and allegations in the Original and First Amended Petitions arise out of the breach of alleged warranties and contractual rights allegedly acquired by MEPT from the previous owner of the Project, and thus, are subject to the following Breach of Contract Exclusions found in the Mt. Hawley Policies:

### BREACH OF CONTRACT EXCLUSION

This insurance policy does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," "personal injury," or "advertising injury" arising directly or indirectly out of the following:

- a. Breach of express or implied contract;
- b. Breach of express or implied warranty;
- c. Fraud or misrepresentation regarding the formation, terms or performance of a contract; or
- d. Libel, slander or defamation arising out of or within the contractual relationship.

See Mt. Hawley Policies MGL0145958, MGL0152724, MGL0152979, and MGL0169793, Exhibits 3-6.

### BREACH OF CONTRACT EXCLUSION

This insurance policy does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the following:

- a. Breach of express or implied contract;
- b. Breach of express or implied warranty;
- c. Fraud or misrepresentation regarding the formation, terms or performance of a contract; or
- d. Libel, slander or defamation arising out of or within the contractual relationship.

See Mt. Hawley Policy MGL0173765, Exhibit 7.

18. Each of the Mt. Hawley Excess Policies follows the form of the underlying Mt. Hawley Policy and provides that the Mt. Hawley Excess Policies are "subject to all the conditions, agreements, exclusions, and limitations of and shall follow the underlying insurance in all respects. This includes all changes by endorsement." See Mt. Hawley Excess Policies, Exhibit 8-10 attached hereto. Thus, the Mt. Hawley Excess Policies are subject to the Breach of contract Exclusion.

### C. Tender and Denial

19. Caldwell Residential tendered the Underlying Lawsuit and the Original Petition to

Mt. Hawley for defense and indemnity.

20. The Underlying Lawsuit and the Original and First Amended Petitions allege damages arising directly or indirectly from Caldwell's breach of warranty and/or contract, which is expressly excluded by the Mt. Hawley Breach of Contract Exclusions. Accordingly, there is no coverage for the Underlying Lawsuit and Mt. Hawley denied coverage as set forth in the correspondence attached hereto as Exhibit 11.

21. There are numerous additional provisions in the Mt. Hawley Policies and Mt. Hawley Excess Policies that may also apply as set forth in Exhibit 11, which is incorporated herein by reference, but the Breach of Contract Exclusions independently and conclusively exclude coverage for the Underlying Lawsuit.[1]

## IV.

## CLAIM FOR RELIEF - DECLARATORY JUDGMENT

22. Mt. Hawley re-alleges and incorporates by reference the allegations above.

23. By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.

24. Mt. Hawley seeks a declaration that the Breach of Contract Exclusions set forth in the Mt. Hawley Policies and made a part of the Mt. Hawley Excess Policies apply to preclude coverage for the Underlying Lawsuit, and thus, Mt. Hawley does not owe Caldwell a duty to defend or indemnify.

25. Because the Underlying Lawsuit "arises out of" an alleged breach of contract and/or warranty, the Breach of Contract Exclusions apply and there is no coverage. *See Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003) (a breach-of-contract exclusion

---

[1] Mt. Hawley is not waiving any right to assert additional policy defenses based upon such provisions and further development of the facts.

preventing coverage for injuries "arising out of" particular conduct "need only bear an incidental relationship to the described conduct for the exclusion to apply."); *Scottsdale Ins. Co. v. Mt. Hawley Ins. Co.,* 2011 WL 9169946 (S.D. Tex. June 15, 2011), affirmed, 2012 WL 4052642 (5th Cir. Sept. 14, 2012) (applying Mt. Hawley's Breach-of-Contract Exclusion to construction defect claims, including negligence); *Mt. Hawley Insurance Company vs. Huser Construction Company, Inc.*, Civil Action No. H-18-0787, 2019 WL1255756 (S.D. Tex. March 19, 2019) (same).

## V.

## JURY DEMAND

26. Plaintiff requests that this civil action be tried before a jury.

## VI.

## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment against Defendants as follows:

1. A declaration that the Mt. Hawley Policies and Mt. Hawley Excess Policies do not provide coverage for the Underlying Lawsuit and Mt. Hawley does not owe, and has never owed Caldwell Residential, LLC or Caldwell Building Company, LLC a duty to defend or indemnify in connection with or arising from the Underlying Lawsuit; and

2. Such other and further relief as to which Plaintiff is justly entitled.

Dated: March 28, 2019.

        Respectfully submitted,

        */s/ Greg K. Winslett*

        _____
        GREG K. WINSLETT
        Attorney-In-Charge
        State Bar No. 21781900
        S.D. Tex. Bar No. 13078
        RICHARD L. SMITH, JR.
        State Bar No. 18671200
        S.D. Tex. Bar No. 14392
        gwinslett@QSLWM.com
        rsmith@QSLWM.com
        QUILLING, SELANDER, LOWNDS,
        **WINSLETT & MOSER, P.C.**
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

        **ATTORNEYS FOR PLAINTIFF**