**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

v.                                    CIVIL NO.  4:19-cv-00118

CALDWELL RESIDENTIAL, L.L.C.,
CALDWELL BUILDING COMPANY, LLC and
MEPT BOARDWALK TOWN CENTER, L.L.C.,

        Defendants.

**PLAINTIFF MT. HAWLEY INSURANCE COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT</u>**

GREG K. WINSLETT
State Bar No. 21781900
Southern District Bar No. 13078
RICHARD L. SMITH JR.
State Bar No. 18671200
Southern District Bar No.  14392
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rsmith@qslwm.com

**ATTORNEYS FOR MT. HAWLEY
INSURANCE COMPANY**

# TABLE OF CONTENTS

Page

Table of Authorities ......................................................................................................... ii

I. Summary of Argument ................................................................................................... 1

II. Undisputed Summary Judgment Facts ........................................................................ 2

    A.    The Underlying Action ........................................................................................ 2

    B.    The Mt. Hawley Policies Issued to Caldwell .................................................... 5

III. Argument and Authorities ........................................................................................... 8

    A.    Standards for Insurance Policy Interpretation .................................................... 8

    B.    Standards for Duty to Defend and Indemnify .................................................... 9

    C.    The Breach of Contract Exclusions Negate the Duty to Defend ..................... 11

        1.    The Four Corners of the Underlying Action ........................................ 11

        2.    The Four Corners of the Mt. Hawley CGL Policies ............................ 11

        3.    Analysis of the Eight Corners ............................................................. 12

        4.    *Scottsdale Insurance Co. v. Mt. Hawley Insurance Co.* ..................... 15

        5.    *Mt. Hawley Insurance Co. v. Huser Construction Co.* ....................... 17

    D.    The Breach of Contract Exclusions Negate the Duty to Indemnify ................ 18

    E.    Because There is No Coverage, Caldwell's Counterclaims Fail ..................... 18

IV. Conclusion ................................................................................................................ 20

# TABLE OF AUTHORITIES

Page

<u>**CASES**</u>

*Allstate Ins. Co. v. Disability Servs. of the Southwest Inc.*,
400 F.3d 260 (5th Cir. 2005). ................................................. 9

*American Home Assur. Co. v. United Space Alliance, LLC*,
378 F.3d 482 (5th Cir. 2004). ................................................. 10

*American Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*,
620 F.3d 558 (5th Cir. 2010). ................................................. 8

*Arnold v. National County Mut. Fire Ins.*,
725 S.W.2d 165(Tex. 1987) ................................................. 19

*Chapman v. National Union Fire Ins. Co.*,
171 S.W.3d 222 (Tex.App.—Houston [1st Dist.] 2005, no pet.) ................ 15

*D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*,
300 S.W.3d 740 (Tex. 2009) ................................................. 18

*EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*,
438 F.3d 519 (5th Cir. 2006) ................................................. 13

*Farmers Texas County Mut. Ins. Co. v. Griffin*,
955 S.W.2d 81 (Tex. 1997) ................................................. 10, 18

*Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*,
633 S.W.2d 787 (Tex. 1982) ................................................. 9, 10

*Fiess v. State Farm Lloyds*,
202 S.W.3d 744 (Tex. 2006) ................................................. 9

*Forbau v. Aetna Life Ins. Co.*,
876 S.W.2d 132 (Tex. 1994) ................................................. 8

*Gemini Ins. Co. v. The Andy Boyd Co.*,
243 Fed. Appx. 814 (5th Cir. 2007) ................................... 13, 14, 15

*GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*,
197 S.W.3d 305 (Tex. 2006) ................................................. 10

*HC Waterford Properties, LLC v. Mt. Hawley Ins. Co.*,
2009 WL 2600431 *6 (S.D. Fla. Aug. 21, 2009). ........................... 16

*Lamar Homes, Inc. v. Mid-Continent Casualty Co.,*
    242 S.W.3d 1 (Tex. 2007)............................................................................. 11, 12

*Mid-Continent Cas. Co. v. Bay Rock Operating Co.,*
    614 F.3d 105 (5th Cir. 2010). .......................................................................... 9

*Mt. Hawley Ins. Co. v. Huser Construction Company, Inc.,*
    No. H-18-0787, 2019 WL 1255757 (S.D. Tex. March 19, 2019) (J. Lake) .......... 12, 17, 18, 19

*Mt. Hawley Ins. Co. v. Slay Engineering/Texas Multi-Chem / Huser Construction,*
    *LLC,*
    No.: 5:18-CV-00252-OLG, Order at Docket No. 63 (W.D. Tex. June 13, 2019). ................... 12

*National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,*
    939 S.W.2d 139  (Tex. 1997)........................................................................... 9

*National Union Fire Ins. Co. v. U.S. Liquids, Inc.,*
    271 F.Supp.2d 926, 932-34 (S.D. Tex. 2003) (Lake, J.), aff'd *per curiam*, 88 Fed.
    Appx. 725 (5th Cir. 2004)............................................................................. 13

*Northfield Ins. Co. v. Loving Home Care, Inc.,*
    363 F.3d 523 (5th Cir. 2004). ....................................................................... 8, 9

*Pennsylvania Pulp & Paper Co. v. Nationwide Mut. Ins. Co.,*
    100 S.W.3d 566 (Tex.App.—Houston [14th Dist.] 2003, pet. denied) .................................... 15

*Republic Insurance Co. v. Stoker,*
    903 S.W.2d 338 (Tex. 1995)........................................................................... 19

*Scottsdale Ins. Co. v. Texas Sec. Concepts & Investigation,*
    173 F.3d 941 (5th Cir. 1999). ....................................................................... 13

*Scottsdale Insurance Company v. Mt. Hawley Insurance Company,*
    No. M-10-58, 2011 WL 9169946 (S.D. Tex. June 15, 2011) (J. Crane), affirmed
    *per curiam*, 2012 WL 4052642 (5th Cir. Sept. 14, 2012)................................................. 12, 16

*State Farm Fire & Cas. Co. v. Vaughan,*
    968 S.W.2d 931 (Tex. 1998)........................................................................... 8

*State Farm Gen. Ins. Co. v. White,*
    955 S.W.2d 474 (Tex.App.—Austin 1997, no pet.). ........................................................ 8, 10

*Supply Group, Inc. v. Columbia Cas. Co.,*
    335 F.3d 453 (5th Cir. 2003) ......................................................................... 13

*TIG Ins. Co. v. N. Am. Van Lines, Inc.,*
    170 S.W.3d 264 (Tex. App.—Dallas 2005, no pet.)................................................... 9

*Trinity Universal Ins. Co. v. Cowan*,
    945 S.W.2d 819 (Tex. 1997)....................................................................... 8

*United States Fire Ins. Co. v. J.S.U.B., Inc.*,
    979 So.2d 871 (Fla. 2007) ........................................................................ 12

*Westchester Fire Ins. v. Heddington Ins. Ltd.*,
    883 F. Supp. 158 (S.D. Tex. 1995)............................................................ 9

*Zurich American Ins. Co. v. Nokia, Inc.*,
    268 S.W.3d 487 (Tex. 2008)..................................................................... 14

## TREATISES

Allan D. Windt, 3 INSURANCE CLAIMS AND DISPUTES § 11:22A ............................... 13

Allan D. Windt, 3 INSURANCE CLAIMS AND DISPUTES § 11:7A ................................. 13

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") files this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and Brief in Support. Mt. Hawley would respectfully show the Court that the pleadings on file including attached insurance policies and underlying petitions establish that there is no genuine issue as to any material fact and that Mt. Hawley is entitled to a judgment as a matter of law against Defendants Caldwell Residential, L.L.C. ("Caldwell Residential"), Caldwell Building Company, LLC ("Caldwell Building") (Caldwell Residential and Caldwell Building are sometimes referred to collectively herein as "Caldwell") and Defendant MEPT Boardwalk Town Center, L.L.C. ("MEPT") in this insurance coverage dispute. In fact, the exact same coverage issues presented here have already been addressed and resolved in Mt. Hawley's favor by the United States District Court for the Southern District of Texas and affirmed by the Fifth Circuit in *Scottsdale Insurance Company v. Mt. Hawley Insurance Company*, No. M-10-58, 2011 WL 9169946 (S.D. Tex. June 15, 2011) (J. Crane), affirmed *per curiam*, 2012 WL 4052642 (5th Cir. Sept. 14, 2012). In addition, just a few months ago, Judge Sim Lake considered the exact same coverage issues presented here and granted complete summary judgment in Mt. Hawley's favor in *Mt. Hawley Insurance Company v. Huser Construction Company, Inc.*, No. H-18-0787, 2019 WL 1255757 (S.D. Tex. March 19, 2019) (J. Lake).

## I.
## SUMMARY OF ARGUMENT

This insurance coverage dispute requires the interpretation and application of Mt. Hawley's Breach of Contract Exclusion to a construction defect suit filed in Texas state court against Mt. Hawley's insureds, Caldwell, by MEPT, also a defendant herein. The state court lawsuit is pending in the 129th Judicial District Court of Harris County, Texas as Cause No. 2018-84501, styled

*MEPT Boardwalk Town Center, LLC v. Humphreys & Partners Architects, L.P. and Caldwell Residential, L.L.C.* (hereafter the "Underlying Action").   The Underlying Action and all claims asserted therein against Caldwell arise out of Caldwell's contract for the construction and design of an apartment building generally described as Building 5 of the Boardwalk at Town Center Apartments located in the Woodlands, Texas (the "Project").   The language in the Breach of Contract Exclusions at issue here and numerous other similar exclusions have been interpreted by the Fifth Circuit and other Texas courts to be unambiguous and applicable to claims and suits such as the Underlying Action.   For the reasons set forth herein, a judgment and/or a dispositive summary judgment in favor of Mt. Hawley is appropriate on *both* the duty to defend and indemnify, and on all of Caldwell's counterclaims.

## II.
## UNDISPUTED SUMMARY JUDGMENT FACTS

In support of this motion, Mt. Hawley relies upon and incorporates by reference the pleadings and attachments filed with Mt. Hawley's First Amended Complaint for Declaratory Judgment [Doc. 8] and Caldwell's Answer and Counterclaims [Doc. 19) to establish undisputed facts but not for the truth of the allegations asserted therein.

**A.** **The Underlying Action**

On November 27, 2018, MEPT filed an Original Petition in the Underlying Action against Caldwell Residential and Humphreys & Partners Architects, L.P. seeking damages arising from what are alleged to be defects in the construction and design of the Project. [Doc. 8-1]  After Mt. Hawley filed the Original Complaint in this matter, MEPT filed Plaintiff's First Amended Petition

in the Underlying Action. [Doc. 8-2] In the Amended Petition, MEPT added additional defendants, including Caldwell Building.[1]

The plaintiff in the Underlying Action, MEPT, alleges that it purchased the Boardwalk at Town Center Apartments, including Building 5, in 2010, acquiring all rights, interest and title in the Project including all warranties. [Doc. 8-2 at ¶11] According to the allegations in the Original and Amended Petitions, in March of 2018, MEPT became aware of water intrusion and "related site conditions" at the Project allegedly resulting from defects in the construction performed by Caldwell as the general contractor on the Project. [Doc. 8-1 at ¶¶ 13-14; 8-2 at ¶¶ 15-16] MEPT claims that Caldwell's acts, errors, and omissions relating to the construction of Building 5 have resulted in, and continue to cause, serious damage and losses to the Project and to MEPT. [Doc. 8-2 at ¶19]

MEPT asserts causes of action against Caldwell for breach of contract, breach of express and implied warranty and negligence for allegedly failing to exercise ordinary care during construction of Building 5. [Doc. 8-2 at ¶¶ 22-23, 26-29] MEPT seeks more than $1 million ($1,000,000) in damages along with attorney's fees pursuant to contract and Texas law. [Doc. 8-2 at ¶¶ 9,30]

The following allegations against Caldwell contained in MEPT's Original Petition and First Amended Original Petition in the Underlying Action are relevant to the coverage issues presented. The paragraph numbers and text in brackets denotes the changes in paragraph numbers and wording contained in the First Amended Original Complaint as follows:

### V. FACTUAL BACKGROUND

\*\*\*

---

[1] More recently, MEPT filed a Notice of Nonsuit as to Caldwell Residential in the Underlying Action. Caldwell Building remains a party in the Underlying Lawsuit.

9. [11.]On September 28, 2010, MEPT entered into a purchase and sale agreement ("PSA") with Riva Row Partners, L.P. and Riva Row Partners II, L.P. (collectively, "Riva Row") whereby MEPT acquired all of Riva Row's rights, interest, and title in the Boardwalk. By related assignment, MEPT acquired all warranties and guarantees with respect to the Boardwalk.

\*\*\*

12. [14.]      Defendants played a crucial role in the original design and construction of Building 5. Specifically, Humphreys was the architect of record and Caldwell was the general contractor. [Caldwell subcontracted various aspects of the construction of Building 5 to several subcontractors.]

\*\*\*

17. [19.]      Defendants' acts, errors, and omissions relating to the design and construction of Building 5, [including construction work performed by Caldwell and its subcontractors,] have resulted in, and continue to cause, serious damage and losses to the Boardwalk and to MEPT. . . .

\*\*\*

19. [21.]      These errors and omissions have caused damage and losses, including but not limited to water damage, physical deterioration of the structure, as well as significant issues with regard to existing and prospective tenants of the Boardwalk. . . .

\*\*\*

## VI. CAUSES OF ACTION

### A. Breach of Contract and Breach of Express Warranty – Humphreys and Caldwell

20. [22.]      MEPT incorporates, by reference, the factual allegations contained in the preceding paragraphs.

21. [23.]      MEPT acquired all of Riva Row's warranties and/or other contractual rights pertaining to the Boardwalk via the PSA.  Upon information and belief, Defendants warrantied their work.  Defendants breached the warranties causing substantial injury and damage to MEPT as is detailed herein.

\*\*\*

### C.   Negligence – Caldwell

24. [26.]      MEPT incorporates, by reference, the factual allegations contained in the preceding paragraphs.

25. [27.]      Caldwell had a duty to exercise ordinary care during construction of Building 5.  Caldwell, [through its own work and that of its subcontractors,] breached its duty as detailed above.  As a result, water penetrated Building 5 and MEPT sustained significant, foreseeable damage in excess of the jurisdictional limits of this Court.

### D.   Breach of Implied Warranty –Caldwell

26. [28.]      MEPT incorporates, by reference, the factual allegations contained in the preceding paragraphs.

27. [29.]      Caldwell breached the implied warranty that its work would be fit for its intended purpose and performed in a good and workmanlike manner.  Caldwell also breached its implied warranty that the work, when completed, would be habitable.  Caldwell's breaches are the proximate cause of MEPT's significant damage which is in excess of the jurisdictional limits of this Court.

### VII.  ATTORNEY'S FEES, PRE- AND POST-JUDGMENT INTEREST

28. [30.]      As a result of the acts and omissions by the Defendants, MEPT was required to retain Porter Hedges, L.L.P.  MEPT requests that the court award it reasonable attorneys' fees pursuant to any applicable contract and Chapter 38 of the Texas Civil Practice and Remedies Code.  TEX. CIV. PRAC. & REM. CODE § 38.001 *et. seq.* . . .

### B.   <u>The Mt. Hawley Policies Issued to Caldwell</u>

Mt. Hawley issued Commercial General Liability Policies to Caldwell spanning potentially relevant policy periods from 09/12/2007 through 09/12/2012 (the "Mt. Hawley CGL Policies").

The policy numbers and related policy periods of the Mt. Hawley CGL Policies are as follows:

| | |
|---|---|
| MGL0145958 | 09/12/2007 to 09/12/2008 |
| MGL0152724 | 09/12/2008 to 09/12/2009 |
| MGL0152979 | 09/12/2009 to 09/12/2010 |
| MGL0169793 | 09/12/2010 to 09/12/2011 |
| MGL0173765 | 09/12/2011 to 09/12/2012 |

[Docs. 8-3 through 8-7].

The terms of each of the Mt. Hawley CGL Policies are the same or substantially similar.

The insuring agreement of the Mt. Hawley CGL Policies provides in pertinent part, as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2)    The "bodily injury" or "property damage" occurs during the policy period; ….

[Docs. 8-3 through 8-7]

The Underlying Action and allegations in the Original and First Amended Petitions arise out of the breach of alleged warranties and contractual rights allegedly acquired by MEPT from the previous owner of the Project, and thus, are subject to the following Breach of Contract Exclusions found in the Mt. Hawley CGL Policies:

## BREACH OF CONTRACT EXCLUSION

This insurance policy does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," "personal injury," or "advertising injury" arising directly or indirectly out of the following:

    a.       Breach of express or implied contract;

    b.       Breach of express or implied warranty;

    c.       Fraud or misrepresentation regarding the formation, terms or performance of a contract; or

    d.       Libel, slander or defamation arising out of or within the contractual relationship.

[See Mt. Hawley Policies MGL0145958, MGL0152724 and MGL0152979, docket nos. 8-3 at 47 of 61, 8-4 at 47 of 63, 8-5 at 47 of 63]

\*\*\*

## BREACH OF CONTRACT EXCLUSION

This insurance policy does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the following:

    a.       Breach of express or implied contract;

    b.       Breach of express or implied warranty;

    c.       Fraud or misrepresentation regarding the formation, terms or performance of a contract; or

    d.       Libel, slander or defamation arising out of or within the contractual relationship.

[See Mt. Hawley Policies MGL0173765 and MGL0169793, docket nos. 8-6 at 48 of 61, 8-7 at 46 of 59]

Mt. Hawley also issued Commercial Excess Liability Policies to Caldwell for the policy periods from 09/12/2007 through 12/10/2009 (the "Mt. Hawley Excess Policies"). The policy numbers and related policy periods for the Mt. Hawley Excess Policies are as follows:

| | |
|---|---|
| MXL0365618 | 09/12/2007 to 09/12/2008 |
| MXL0368488 | 09/12/2008 to 09/12/2009 |
| MXL0356118 | 09/12/2009 to 12/10/2009 (as per Change Endorsement) |

[Docs. 8-8 through 8-10]

The following provision of the Mt. Hawley Excess Liability Policies is relevant to the coverage issues presented in this case:

> This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions, and limitations of and shall follow the underlying insurance in all respects.  This includes changes by endorsement.

[See Mt. Hawley Excess Policies MXL0365618, MXL0356118 and MXL0368488, docket nos. 8-8 at 5 of 20, 8-9 at 5 of 23 and 8-10 at 5 of 20]

### III.
### ARGUMENT AND AUTHORITIES

Texas law governs this diversity case.  See *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 527-28 (5th Cir. 2004) .

### A.    Standards for Insurance Policy Interpretation

Complaints involving interpretation of insurance policies are appropriate for summary judgment.  *State Farm Gen. Ins. Co. v. White*, 955 S.W.2d 474, 475 (Tex. App.—Austin 1997, no pet.).  The interpretation of an insurance policy is a question of law for a court to determine. *American Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010). The traditional rules for construction of contracts are applicable to an insurance contract.  *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).  When construing a policy, all parts of the policy are read together to ascertain the agreement of the parties.  *Forbau*, 876 S.W.2d at 133.  "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Rentech*, 620 F.3d at 562 (citing *Coker v. Coker,* 650 S.W.2d 391 (Tex. 1983)).  When terms are defined by the policy, those definitions control its interpretation.  *Cowan*, 945 S.W.2d at 823.  If the policy has only one reasonable meaning, it is not ambiguous and must be enforced as written.  *See State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998).  Further, any alleged ambiguity must be evident from the policy itself, and extrinsic

evidence cannot be considered unless the language is ambiguous. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006).

It is also well-settled that when an insurance policy contains an endorsement that conflicts with the general policy language, the endorsement controls. *Westchester Fire Ins. v. Heddington Ins. Ltd.*, 883 F. Supp. 158, 165 (S.D. Tex. 1995) (*citing Mutual Life Ins. Co. v. Daddy$ Money, Inc.*, 646 S.W.2d 255, 259 (Tex. App.—Dallas 1982, writ ref'd n.r.e.), *aff'd* 84 F.3d 432 (5th Cir. 1996)); *TIG Ins. Co. v. N. Am. Van Lines, Inc.*, 170 S.W.3d 264, 271 (Tex. App.—Dallas 2005, no pet.). An endorsement cannot be read apart from the main policy and they must be construed together. *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 115 (5th Cir. 2010) (citing *Mesa Operating Co. v. California Union Ins.*, 986 S.W.2d 749, 754 (Tex. App.—Dallas 1999, pet. denied)).

**B.    Standards for Duty to Defend and Indemnify**

There is no obligation to defend an action against an insured when the pleading in question does not meet the requirements of the insuring agreement and/or demonstrates the applicability of a policy exclusion. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). Texas courts follow the "eight corners" rule to determine an insurer's duty to defend, by comparing the four corners of the pleadings filed against the insured with the four corners of the insurance contract. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). As recognized by the Fifth Circuit, under the "eight corners" analysis, "[t]he pleadings must allege facts within the scope of coverage for a duty to defend the insured to exist." *Allstate Ins. Co. v. Disability Servs. of the Southwest Inc.*, 400 F.3d 260, 263 (5th Cir. 2005). The focus of the inquiry is on the alleged facts and circumstances, not on the asserted legal theories. *Northfield*, 363 F.3d at 528. Accordingly, Texas courts focus on the factual

allegations that show the origin of the damages rather than on the legal theories alleged. *American Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004). Extrinsic evidence outside of the "eight corners" is typically not allowed in a duty to defend determination. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 305-10 (Tex. 2006).

There is no obligation to defend an action against an insured when the pleading in question triggers the applicability of a policy exclusion. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). The duty-to-defend analysis is a question of law that may be resolved on summary judgment. *State Farm Gen. Ins. Co. v. White*, 955 S.W.2d 474, 475 (Tex. App.—Austin 1997, no pet.).

Where there is no duty to defend, the Texas Supreme Court has also held there is no duty to indemnify if the same facts that negate the duty to defend also negate the duty to indemnify. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). In *Griffin* , the automobile insurer sought a declaratory judgment of no coverage for a drive-by-shooting claim brought against its insured who drove the car from which shots were fired. *Id.* at 82. The court determined there was no duty to defend the insured based on both the policy's intentional acts exclusion and because the shooting injuries did not result from an auto accident. *Id.* at 83. Although the underlying suit had not proceeded to judgment, the *Griffin* court held:

> We now hold that the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.

*Id.* at 84 (emphasis in original). Thus, because no facts could be developed in the underlying tort suit to bring the claim within the policy's coverage, the *Griffin* court granted the insurer declaratory judgment on both the duty to defend and duty to indemnify. *Id.* In this case, indemnity is likewise

justiciable because, as discussed below, the allegations in the Underlying Action against Caldwell

fall squarely within the Mt. Hawley Breach of Contract Exclusion.

**C.**     **The Breach of Contract Exclusions Negate the Duty to Defend**

Mt. Hawley properly denied a defense to Caldwell under the eight corners analysis —

comparing the four corners of its policies with the four corners of the pleadings in the Underlying

Action — because all of the allegations in the Underlying Action are excluded by Mt. Hawley's

Breach of Contract Exclusion.

1.     The Four Corners of the Underlying Action

As noted above, the Underlying Action asserts breach of contract, breach of warranty and

negligence claim against Caldwell all arising from alleged defects in the construction performed

by Caldwell as the general contractor on the Project. [Doc. 8-1 at ¶¶ 13-14; 8-2 at ¶¶ 15-16] MEPT

claims that Caldwell's acts, errors, and omissions relating to the construction of Building 5 have

resulted in, and continue to cause, serious damage and losses to the Project and to MEPT.  [Doc. 8-2 at

¶19] Based on these allegations, MEPT seeks damages along with attorney's fees pursuant to

contract and Texas law.  [Doc. 8-2 at ¶¶ 9,30]

These claims against Caldwell at least potentially state a covered claim for property

damage under the Mt. Hawley CGL Policies as first determined by *Lamar Homes, Inc. v. Mid-*

*Continent Casualty Co.*, unless a specific exclusion removes the defective construction claims

from coverage.  242 S.W.3d 1, 4-5, 10 (Tex. 2007).  Accordingly, these claims must be analyzed

in conjunction with the four corners of the Mt. Hawley CGL Policies.

2.     The Four Corners of the Mt. Hawley CGL Policies

As set forth above, the Mt. Hawley CGL Policies include the above quoted Breach of

Contract Exclusions that specifically provide that the insurance does not apply to, nor does Mt.

Hawley have a duty to defend, any "suit" for "property damage" arising directly or indirectly out

of breach of express or implied contract or breach of express or implied warranty. In addition, the Breach of Contract Exclusion is also contained in the Mt. Hawley Excess Policies by virtue of the provision that states that all exclusions and limitations contained in the underlying Mt. Hawley CGL Policies are also a part of the Mt. Hawley Excess Policies, including those changes added by endorsement, like the Breach of Contract Exclusions at issue here.

3.    Analysis of the Eight Corners

It is a fundamental principle of insurance law that coverage for certain types of claims can be eliminated from commercial general liability (CGL) policies by exclusions. Although *Lamar Homes* held defective construction claims may be covered, the Texas Supreme Court expressly recognized that "[m]ore often, however, faulty workmanship will be excluded from coverage by specific exclusions because that is the CGL's structure." *Lamar Homes,* 242 S.W.3d at 10; see also *United States Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So.2d 871, 891 (Fla. 2007) (stating coverage for defective construction claims can be excluded "simply by … adding a breach of contract exclusion."). Indeed, there is a plethora of law applying various forms of "breach of contract" exclusions, including the Southern District of Texas and Fifth Circuit applying Mt. Hawley's Breach of Contract Exclusion to property damage caused by defective construction. *See Scottsdale Ins. Co. v. Mt. Hawley Ins. Co.*, No. M-10-58, 2011 WL 9169946 (S.D. Tex. June 15, 2011) (J. Crane), affirmed *per curiam*, 2012 WL 4052642 (5th Cir. Sept. 14, 2012) [Doc. 1-11]; *Mt. Hawley Ins. Co. v. Huser Construction Co.*, No. H-18-0787, 2019 WL 1255757 (S.D. Tex. March 19, 2019) (J. Lake); *Mt. Hawley Ins. Co. v. Slay Engineering/Texas Multi-Chem/Huser Construction, LLC*, No.: 5:18-CV-00252-OLG, Order at Docket No. 63 (W.D. Tex. June 13, 2019) (granting Mt. Hawley's Motion for Reconsideration of earlier summary judgment order and granting Mt. Hawley's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment on the

duty to defend); Allan D. Windt, 3 INSURANCE CLAIMS AND DISPUTES § 11:7A , Breach of contract exclusion (6th ed.), and cases cited therein.

As a starting point, it is important to recognize that inclusion of the "arising out of" language in the Mt. Hawley Breach of Contract Exclusion means there is no requirement that the injury be directly or proximately caused by a breach of contract.  Rather, as explained by the Fifth Circuit, when applying Texas law to a breach-of-contract exclusion, a policy exclusion precluding coverage for injuries "arising out of" particular conduct "need only bear an <u>incidental relationship</u> to the described conduct for the exclusion to apply." *Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003) (emphasis added).[2]  The phrase "arising out of" is "understood to mean originating from[,] having its origin in, growing out of[,] or flowing from, or in short, incident to, or having connection with...." *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co*., 438 F.3d 519, 524-25 (5th Cir. 2006) (punctuation omitted); *see also* Allan D. Windt, 3 INSURANCE CLAIMS AND DISPUTES § 11:22A , "Arising out of" Exclusions (6th ed.) ("the only fair reading of the phrase is that it means flowing from or originating out of").  "Arising out of" exclusions are clear and unambiguous under Texas law.

The alleged breach of contract and warranty is the very essence of the Underlying Action. To that end, the Underlying Action expressly alleges that Caldwell's allegedly defective performance of its obligations as general contractor under a contract resulted in the damages alleged.    Importantly, these allegations form the basis of the claims for breach of contract, breach of warranty and negligence against Caldwell.  Thus, all of the allegations for property damage

---

[2]    *See also Gemini Ins. Co. v. The Andy Boyd Co.*, 243 Fed. Appx. 814, 816 (5th Cir. 2007) (applying Texas law) (same); *National Union Fire Ins. Co. v. U.S. Liquids, Inc*., 271 F. Supp. 2d 926, 932-34 (S.D. Tex. 2003) (Lake, J.), aff'd *per curiam*, 88 Fed. Appx. 725 (5th Cir. 2004) (applying Texas law) (same); *Scottsdale Ins. Co. v. Texas Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999) ("When an exclusion precludes coverage for injuries "arising out of" described conduct, the exclusion is given a broad, general, and comprehensive interpretation. A claim need only bear an incidental relationship to the described conduct for the exclusion to apply.").

asserted against Caldwell clearly bear at least an incidental relationship to (*i.e.* "*arise directly or indirectly out of*") breaches of the construction contract and related warranties. Accordingly, the claims and suit against Caldwell are excluded by the Breach of Contract Exclusions.

The inclusion of the phrase "*arising directly or indirectly out of*," in the Breach of Contract Exclusion renders the exclusion applicable to not only contract claims, but also to claims for "negligence" and other non-contract claims that are incidental to a suit alleging a breach of a contractual duty. The Texas Supreme Court has held that the label on the cause of action is not determinative of whether or not there is coverage: "[W]e have said that the label attached to the cause of action-whether it be tort, contract, or warranty-does not determine the duty to defend." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 495 (Tex. 2008) (citations omitted). Instead, one must look to the actual facts that are alleged. *Id.* In this case, the negligence claim arises directly or indirectly out of the alleged breach of contract. Simply stated, the duty to construct the Project is contractual.

The Fifth Circuit, applying Texas law to a similar breach of contract exclusion that included the "arising out of" language, rejected the argument that the insured should be permitted to parse claims based on the cause of action alleged. *Gemini Ins. Co. v. The Andy Boyd Co.*, LLC, 243 Fed. Appx. 814 (5th Cir. 2007). In *Gemini*, the policy contained an exclusion for advertising injury "arising out of a breach of contract." The insured argued that, while this would preclude coverage for breach-of-contract claims, it would not preclude coverage for unfair competition theories that could have been sustained in the absence of a contract. The *Gemini* court rejected this argument, noting that, according to the exclusion, the breach of contract need not have caused the injuries, but must merely have an <u>incidental relationship</u> to or connection with the injuries. *Id.* at 816.

"Under this broad standard," the court held the breach of contract exclusion applied to the complaint in its entirety. *Id.*

Likewise, the Houston Court of Appeals similarly applied a contract exclusion to claims "arising out of" a divorce agreement in favor of the insurance carrier. In *Chapman v. National Union Fire Ins. Co.*, 171 S.W.3d 222, 226-28 (Tex .App.—Houston [1st Dist.] 2005, no pet.), the underlying action alleged claims for breach of trustee and fiduciary duties, in addition to breach of contract claims. The *Chapman* court recognized that each breach of duty alleged was created by the settlement contract and thus, "arises out of" an alleged breach of the divorce agreement. *Id.* at 228-29; see also *Pennsylvania Pulp & Paper Co. v. Nationwide Mut. Ins. Co.*, 100 S.W.3d 566, 573 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

The Underlying Action specifically incorporates the factual allegations of defective construction by Caldwell as the general contractor in all the claims, including the claim for negligence. [Doc. 8-2 at ¶¶ 26-27] Thus, MEPT's negligence claim arises out of the breach of contract and warranty and is, therefore, excluded.

4.    *Scottsdale Insurance Co. v. Mt. Hawley Insurance Co.*

As noted above, this precise coverage scenario involving the exact same Mt. Hawley policy language has already been specifically addressed and resolved in Mt. Hawley's favor by the Southern District of Texas, District Judge Crane, and affirmed by the Fifth Circuit. In *Scottsdale Insurance Co. v. Mt. Hawley Insurance Co.*, the court applied the Mt. Hawley Breach of Contract Exclusion to both breach of contract and negligence claims to exclude all coverage for a suit alleging property damage due to defective construction. The *Scottsdale* court carefully analyzed the language of the exclusion and rejected Scottsdale's argument that the exclusion did not bar

coverage for negligence claims against the insured. *Id.* at *7-9.[3] The *Scottsdale* court also rejected Scottsdale's arguments that the Breach of Contract Exclusion rendered other policy provisions meaningless or surplusage, and coverage illusory. *Id.* at *9. The *Scottsdale* court held that the exclusion did not make coverage illusory, because the allegations could not simply relate to the <u>existence</u> of a contract, they had to bear  some incidental relationship to a <u>breach</u> of that contract in order for the exclusion to apply. *Id.* (emphasis in original). The *Scottsdale* court specifically held that Scottsdale's interpretation ignored the plain language of the exclusion.

Moreover, it is important to note that the plain language of Mt. Hawley's Breach of Contract Exclusion excludes not only coverage for "claims," but also coverage for the "suit" itself. When addressing Scottsdale's "negligence" arguments, the *Scottsdale* court specifically recognized the significance of this distinction:

> This argument also overlooks the language of the exclusion, as written and interpreted, which directs that a claim <u>or the suit itself need only bear an "incidental relationship" to breaches of contract or warranty</u> to be excluded from coverage. The Lawsuit [the underlying action in that case] clearly bears such a relationship to alleged breaches of the construction contract, subcontracts, and/or the implied warranty of good and workmanlike performance.

*Id.* (emphasis added). But for the alleged breach of Caldwell's contractual obligations, there would clearly be no <u>suit</u> for property damage. Accordingly, Judge Crane's rationale set forth above applies here as well.

MEPT's suit and claims for property damage unquestionably arise directly or indirectly out of alleged breaches of express or implied contract and breaches of express or implied warranty, and thus, are excluded from coverage under the Mt. Hawley CGL Policies and Mt. Hawley Excess Policies by the Breach of Contract Exclusions. Accordingly, the eight corners analysis and Texas

---

[3]      *See also HC Waterford Properties, LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2600431, *6 (S.D. Fla. Aug. 21, 2009) (holding "arising out of" language in Mt. Hawley's Breach of Contract Exclusion is not ambiguous and should be interpreted broadly).

law establish that Mt. Hawley does not have a duty to defend Caldwell in the Underlying Action and judgment should be entered in favor of Mt. Hawley on the duty to defend.

     5.     <u>*Mt. Hawley Insurance Co. v. Huser Construction Co.*</u>

As noted above, Judge Lake recently applied the very same reasoning utilized by Judge Crane in the *Scottsdale* case, in a matter involving the identical issues presented here with respect to the same Mt. Hawley Breach of Contract Exclusion. *Mt. Hawley Ins. Co. v. Huser Construction Co., Inc*., No. H-18-0787, 2019 WL 1255757 (S.D. Tex. March 19, 2019) (J.Lake).  Like in this case, in *Huser,* Mt. Hawley filed a declaratory action, asserting that the Breach of Contract Exclusion negated any duty to defend or indemnify the insured, Huser, in connection with an underlying suit for damages alleging arising from construction defects in an apartment complex *Id*. at *2-3.  Like the plaintiff in the instant matter, the plaintiff in the *Huser* underlying suit alleged that the various construction defects established the manner in which Huser breached its contract or was negligent.  *Id*. at *3.

Judge Lake held that the breach of contract exclusion applied to exclude coverage for the underlying suit against Huser, noting that the purpose of the Mt. Hawley Breach of Contract Exclusion is clear and the language unambiguous, and therefore, the Breach of Contract Exclusion should be applied according to its plain language.  *Id*. at *8.  Judge Lake also explained that even though Huser's subcontractors may allegedly have been partially responsible for the property damage claimed in the underlying case, Mt. Hawley's Breach of Contract Exclusion still negated Mt. Hawley's duty to defend because the subcontractor exception contained within the "Your Work" Exclusion did not preserve coverage (rejecting the very same incorrect argument Caldwell makes in its Motion for Summary Judgment in this case).  *Id*. at *7.  As Judge Lake noted, "[j]ust

because the "Your Work" Exclusion preserves coverage for damage caused by subcontractors does not mean that other policy exclusions must do the same." *Id.*

As set forth in further detail below, the opinion in *Huser* is also dispositive of the duty to indemnify and Caldwell's counterclaims in this matter.

**D.**   **The Breach of Contract Exclusions Negate the Duty to Indemnify**

In *Farmers Texas County Mut. Ins. Co v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997), the Texas Supreme Court determined that the issue of the duty to indemnify is justiciable prior to trial of the underlying claim "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."  On the other hand, the duty to indemnify is not justiciable if a coverage matter is dependent on facts and circumstances of the alleged injury-causing event.  *See D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740 (Tex. 2009).

As explained herein, coverage is excluded for the claims and suit against Caldwell because the suit and alleged damages arise directly or indirectly out of the alleged breach of contract and/or warranty by Caldwell.  There is, therefore, no possibility that Mt. Hawley will ever have a duty to indemnify Caldwell in the Underlying Action because of the Breach of Contract Exclusions. Under these circumstances, Judge Lake also entered summary judgment in favor of Mt. Hawley on the duty to indemnify in *Huser,* because the insured's liability for the claims asserted in the underlying action "ari[ses] directly or indirectly out of" [the insured's] alleged breach of its contract.  Accordingly, summary judgment should also be entered in favor of Mt. Hawley on the duty to indemnify.

**E.**   **Because There is No Coverage, Caldwell's Counterclaims Fail**

Because Mt. Hawley has no duty to defend Caldwell in the Underlying Action, Caldwell's counterclaims for breach of contract, unfair claim settlement practices and claim under the Texas

Prompt Payment of Claims Act necessarily fail. *Huser*, 2019 WL 1255757 at *8-9. In *Huser*, Judge Lake recognized that such counterclaims are predicated on Mt. Hawley owing a duty to defend that was breached. *Id.* Because Mt. Hawley has no duty to defend, it has obviously not breached such duty. Thus, as in *Huser*, Caldwell has no viable breach of contract claim as a matter of law. *Id.* at *8 n. 32. Caldwell's counterclaim for a declaratory judgment also fails, as there is no coverage under the policies. Similarly, [a]s a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is, in fact, not covered." *Id.* at *8 (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)).

In addition, Caldwell cannot present any evidence of allegedly extreme actions by Mt. Hawley causing injury independent of the alleged duty to defend, which does not exist. *Id.* Therefore, the claims against Mt. Hawley for unfair claim settlement practices or misleading communications under Chapter 541 of the Texas Insurance Code also fail. *Id*. at *8-9. The same is true of the claims against Mt. Hawley under Chapter 542 of the Texas Insurance Code for violations of the Prompt Payment of Claims Act, because Caldwell cannot establish a claim under the policies for which Mt. Hawley is liable. *Id.* at *9. Finally, the claim for attorney's fees premised on breach of contract also fails.

Judge Lake's analysis is, of course, consistent with Texas law. Judgment for an insurer on bad faith claims is appropriate if the insurer prevails on the coverage claim, and the insured's bad faith claim is premised on the alleged bad-faith denial of coverage, as it is in this case. *Stoker*, 903 S.W.2d at 341. Under the rationale of the Texas Supreme Court, a bad faith insurance claim is established by evidence showing that the insurer had no reasonable basis for denying the claim. *See id.; see also Arnold v. Nat'l County Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987). Here it

is clear that Mt. Hawley had a reasonable basis for denying coverage. Accordingly, Mt. Hawley requests that this court grant summary judgment in its favor on Caldwell's counterclaims.

**IV.**
**<u>CONCLUSION</u>**

Case law squarely on point, as well as the pleadings and evidence cited herein, establish that Mt. Hawley has <u>no</u> duty to defend or indemnify Caldwell in the Underlying Action. Mt. Hawley's Breach of Contract Exclusion clearly precludes coverage, as construction defect scenarios like the one presented here represent precisely the type of risk these policies were designed to exclude. Because there is no coverage under the Mt. Hawley CGL or Excess Policies, Caldwell cannot establish its counterclaims against Mt. Hawley and those claims should also be dismissed.

WHEREFORE PREMISES CONSIDERED, Mt. Hawley Insurance Company moves the Court to grant it a complete judgment and /or summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56 that there is no coverage and no duty to defend or indemnify under the Mt. Hawley Policies at issue for the claims asserted against Caldwell in the Underlying Action and that Caldwell's take nothing on its counterclaims asserted herein. Further, Mt. Hawley respectfully requests that this Court grant it such other and further relief to which it is entitled.

Respectfully submitted,

*/s/Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
Southern District Bar No. 13078
RICHARD L. SMITH, JR.
State Bar No. 21781900
Southern District Bar No.  14392
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rsmith@qslwm.com

**ATTORNEYS FOR MT. HAWLEY**
**INSURANCE COMPANY**


**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2019, a copy of Mt. Hawley Insurance Company's foregoing Motion and Brief in Support was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Greg K. Winslett*
Greg K. Winslett